**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Michael GRAHAM, Appellant.**

Superior Court of Pennsylvania.

Submitted July 28, 1997.

Filed Nov. 25, 1997.

Norris E. Gelman, Philadelphia, for appellant.

Peter J. Gardner, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CAVANAUGH, BECK and BROSKY, JJ.

BECK, Judge.

In this appeal we decide, *inter alia,* whether the Motor Vehicle Code provision, 75 Pa. C.S. § 1547(e), is constitutional under the United States Constitution. The challenged statutory provision permits the Commonwealth to introduce into evidence the fact that a defendant refused to be tested for alcohol or drugs where the defendant is charged with a violation of 75 Pa.C.S. § 3731 (driving under the influence). We conclude that the statutory provision is constitutional and affirm the judgment of sentence.

The fatal automobile accident which formed the basis of appellant's conviction and sentence occurred on August 2, 1994. On that evening, appellant was driving northbound on Interstate 95, weaving back and forth between lanes at an estimated speed of seventy miles per hour. As appellant made one of his abrupt lane changes, his vehicle

collided with another northbound vehicle. His vehicle was then hurled over the median barrier into the southbound lane, crashing into several other cars. Several persons were seriously injured, and one person, Catherine Sweeny, was killed.

After the accident, Lieutenant Mingacci and Sergeant Stieber of the highway patrol noticed that appellant was agitated, had glassy, bloodshot eyes, was acting disoriented, had difficulty standing and had a strong odor of alcohol on his breath. Believing that appellant may have been driving while under the influence of alcohol or a controlled substance, Sergeant Stieber radioed Lieutenant Nestle, a specialist in administering field sobriety tests, and requested that he report to the scene.

When Lieutenant Nestle arrived, he requested that appellant submit to a field sobriety test. Once appellant assented, Lieutenant Nestel administered the "one leg stand" and the "walk and turn" tests, neither of which appellant could successfully complete. Appellant was then transported to police headquarters where Officer Waerig gave appellant *O'Connell* warnings,[1] before asking appellant to consent to a breathalyzer test. Appellant agreed to submit to the breathalyzer test.

The results of the breathalyzer test revealed that the alcohol level of appellant's blood was within the legal limit. However, due to appellant's erratic conduct, Officer Waerig believed that appellant was under the influence of a controlled substance in addition to alcohol. Officer Waerig then requested that appellant submit to a blood test. After appellant was again given the requisite *O'Connell* warnings, he consented to the blood test. An analysis of appellant's blood

revealed the presence of cocaine metabolite, marijuana and marijuana metabolite.

After a bench trial, appellant was found guilty of homicide by vehicle while driving under the influence of alcohol or a controlled substance, involuntary manslaughter, driving under the influence, aggravated assault and simple assault and sentenced to an aggregate term of fifteen to thirty years in prison. This appeal followed.

■ On appeal appellant claims his trial counsel was ineffective for failing to move to suppress the results of the blood test. In order to prevail on his claim of ineffective assistance of counsel, appellant bears the heavy burden of establishing that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his "mistake;" and (3) but for counsel's act or omission, the outcome of the proceeding would have been different. *Commonwealth v. Washington*, 549 Pa. 12, ——, 700 A.2d 400, 409 (1997). Because appellant cannot, as a threshold matter, demonstrate that his underlying claim has arguable merit, his ineffectiveness claim must fail.

Appellant argues that the results of his blood test should not have been admitted at trial. In support of this contention, appellant maintains that his consent to the blood test was invalid because the officer coerced him to incriminate himself in violation of his fifth amendment rights. He asserts that he consented to the test only because he was afraid of the inferences the factfinders would draw if they learned he refused to take the blood test. He contends that such consent deprived him of his right not to incriminate himself.

Although appellant acknowledges that § 1547(e)[2] of the Motor Vehicle Code per-

---

**1.** *O'Connell* warnings advise an accused that the rights provided by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), do not apply to chemical testing under Pennsylvania's Implied Consent Law, and informs an accused that if he refuses to consent, his driver's license will be suspended for one year. *See Commonwealth, Department of Transportation v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).

**2.** § 1547(e) provides as follows:

In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3731 or any other violation of this title arising out of the same action, the fact that the defendant refused to submit to chemical testing as required by subsection (a) may be introduced in evidence along with other testimony concerning the circumstances of the refusal. No presumptions shall arise from this evidence but it may be considered along with other factors concerning the charge. 75 Pa.C.S. § 1547(e).

mits a defendant's refusal to submit to chemical testing to be introduced at trial, appellant argues that this provision is unconstitutional because it attaches a penalty to his exercise of a constitutional right.[3] The constitutional right he claims is his right to refuse the blood test, and the penalty he alleges is the authority of the Commonwealth to inform the factfinder that the defendant refused to take the test.

■ Appellant's argument is flawed for several reasons. First, contrary to his assertion, appellant had no constitutional right to refuse the blood test. Therefore, § 1547(e) does not burden appellant's constitutional rights by allowing evidence of his refusal to consent to be admitted at trial. Appellant's right to refuse the blood test is derived only from § 1547 itself and not from the Constitution. As explained by our supreme court in *Commonwealth v. Stair*, 548 Pa. 596, 699 A.2d 1250 (1997), under our Implied Consent Law, there is:

> no constitutional right to refuse chemical testing.... [D]riving in Pennsylvania is a civil privilege conferred on individuals who meet the necessary qualifications set forth in the Vehicle Code.... Under the terms of the Implied Consent Law, one of the necessary qualifications to continuing to hold that privilege is that a motorist must submit to chemical sobriety testing, when requested to do so by an authorized law enforcement officer in accordance with the prerequisites of the Implied Consent Law. The obligation to submit to testing is related specifically to the motorist's continued enjoyment of the privilege of maintaining his operator's license.

*Id.*

Indeed, the United States Supreme Court has also made it clear that a defendant does not have a constitutional right to refuse blood tests. *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). The *Schmerber* Court noted that while blood test evidence may be "an incriminating product of compulsion," such evidence in no way implicates an accused's testimonial capacities and therefore, its admission does not offend the privilege against self incrimination embodied in the fifth amendment. *See id.* at 765, 86 S.Ct. at 1832–33. The Court noted that the fifth amendment privilege relates to testimony or communication from an accused. The privilege does not prevent the police from using the accused's body or blood as physical evidence when it is material. *Id.* at 763–64, 86 S.Ct. at 1831–32.

Taking this analysis another step, the United States Supreme Court has further reasoned "that since submission to a blood test could itself be compelled, ... a State's decision to permit a suspect to refuse to take the test but then to comment upon that refusal at trial [does] not 'compel' the suspect to incriminate himself and hence [does] not violate the privilege." *Pennsylvania v. Muniz*, 496 U.S. 582, 604 n. 19, 110 S.Ct. 2638, 2652 n. 19, 110 L.Ed.2d 528 (1990) (citation omitted). *See also South Dakota v. Neville*, 459 U.S. 553, 563, 103 S.Ct. 916, 922, 74 L.Ed.2d 748 (1983) ("the values behind the Fifth Amendment are not hindered when the State offers a suspect the choice of submitting to the blood-alcohol test or having his refusal used against him"). This court has previously joined the Supreme Court in this sentiment. *See Commonwealth v. Dougherty*, 259 Pa.Super. 88, 393 A.2d 730 (1978) (admission into evidence of defendant's refusal to submit to breathalyzer test not violative of defendant's privilege against self incrimination); *Commonwealth v. Robinson*, 229 Pa.Super. 131, 324 A.2d 441 (1974) (admission into evidence of defendant's refusal to submit to breathalyzer test under implied consent law does not violate defendant's fifth amendment privilege against self-incrimination).

■ Section 1547(e) merely represents a codification in Pennsylvania of the rule of *Neville* and *Schmerber* expressly permitting refusals to be made known to the factfinder

---

3. On appeal, Appellant raises only a federal, and not a state constitutional no constitutional right to refuse chemical testing.... [D]riving in Pennsylvania is a civil privilege conferred on individuals who meet the necessary qualifications set forth in the Vehicle Code ... Under the terms of the Implied Consent Law, one of the necessary qualifications to continuing to hold that privilege is that a motorist must submit to chemical sobriety testing, when requested to do so by an authorized law enforcement officer in argument.

where the police reasonably believe that the defendant is under the influence of alcohol or a controlled substance. Because it is clear that appellant had no constitutional right to refuse the blood test, § 1547(e) does not burden appellant's constitutional rights by allowing evidence of his refusal to consent to be admitted at trial. As such, where, as here, a defendant consents to a blood test after being informed that his refusal could be admitted at trial, we find such consent to be valid and not coerced.[4] Because appellant's underlying argument is wholly without merit, his claim for ineffective assistance of counsel must fail.

*Judgement of sentence affirmed.*

4. Because we find that appellant's consent to the blood tests was valid, we need not address appellant's second contention that the taking of his blood cannot be justified as a search incident to arrest.