J-S23045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| HUGO ALBERTO CABRERA, | |
| Appellee | No. 2506 EDA 2016 |

Appeal from the Order Entered July 29, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002140-2015

BEFORE:  OLSON, SOLANO and MUSMANNO, JJ.

CONCURRING MEMORANDUM BY OLSON, J.:  **FILED JUNE 30, 2017**

I agree with the learned majority's well-reasoned memorandum in this case and, thus, I join the majority's memorandum.  I write separately merely to note a few deficiencies that, I believe, are present in the Commonwealth's brief and argument to this Court.

On appeal, the Commonwealth claims that the trial court erred in granting Defendant, Hugo Alberto Cabrera (hereinafter "Defendant"), a new trial because Defendant did not claim, in his suppression motion, that his consent to the blood draw was involuntary.  According to the Commonwealth, Defendant waived any challenge to his consent and the trial court, thus, could not grant him a new trial based upon the United States Supreme Court's recent opinion in ***Birchfield v. North Dakota***, ___ U.S. ___, 136 S.Ct. 2160 (2016) – which was issued after Defendant was found

guilty of driving under the influence (hereinafter "DUI"), but prior to sentencing.[1]  Commonwealth's Brief at 19-42.

It is undoubtedly true that Defendant failed to raise the appropriate claim in his pre-trial motion to suppress.[2]  Nevertheless, the

_____

[1] The Commonwealth also claims that the trial court "*sua sponte* raised [the] claim" regarding the voluntariness of Defendant's consent – and, thus, the trial court erroneously advocated on behalf of Defendant.  Commonwealth's Brief at 19.  The Commonwealth's claim is meritless.  To be sure, during the July 29, 2016 sentencing hearing, the trial court judge merely asked counsel to advise him as to whether the United States Supreme Court's recent opinion in ***Birchfield*** "impact[ed] this or not."  ***See*** N.T. Sentencing Hearing, 7/29/16, at 3.  The Commonwealth responded:  "[m]y position is it does not.  I know [Defendant's counsel] is going to argue that it does."  Defendant's counsel then declared:

> Yes, Your Honor.  I would make a motion right now for extraordinary relief, asking to vacate at least the conviction as it pertains to count one, since it was premised upon what we now know is the illegally seized blood draw evidence.

***Id.*** (some internal capitalization omitted).

Therefore, it is clear that the trial court merely asked counsels' advice as to whether a newly issued Supreme Court opinion affected the case at bar.  The trial court neither *sua sponte* raised a defense nor acted as an advocate for Defendant.

[2] Within Defendant's motion to suppress, Defendant argued that the results of the blood test must be suppressed because:  1) the arresting officer did not have reasonable suspicion or probable cause to conduct the initial traffic stop, and 2) the arresting officer did not have probable cause "to pursue the truck driven by [Defendant] outside of his primary jurisdiction under the Municipal Police Jurisdiction Act."  Defendant's Motion to Suppress, 2/17/16, at 2.  I further note that, during the suppression hearing, Defendant's counsel acknowledged that the suppression motion did not raise any issue regarding "the consensual nature of the blood draw."  N.T. Suppression Hearing, 3/28/16, at 25.

Commonwealth's argument to this Court misses the mark, as the trial court specifically granted Defendant a new trial "in the interest of justice." Trial Court Opinion, 9/20/16, at 12-19. The Commonwealth overlooks this fact in its brief to this Court; and, since the Commonwealth does not raise any claim that the trial court's grant of a new trial "in the interest of justice" was incorrect, the Commonwealth's claim on appeal immediately fails. **Commonwealth v. Spotz**, 716 A.2d 580, 585 n.5 (Pa. 1999) ("[the Pennsylvania Supreme Court] has held that an issue will be deemed to be waived when an appellant fails to properly explain or develop it in his brief"); **Commonwealth v. Hallman**, 67 A.3d 1256, 1263 (Pa. Super. 2013) ("this Court may not act as counsel for an appellant and develop arguments on his behalf") (internal quotations and citations omitted).

Further, even if the Commonwealth properly argued the claim to this Court, I agree with the majority that the trial court was within its discretion in ordering a new trial. As the Pennsylvania Supreme Court has held:

> The rationale "in the interest of justice," employed to rectify errors which would otherwise result in unfairness, is deeply rooted in both federal jurisprudence and the common law of Pennsylvania. In the federal system this aspect of judicial discretion is evidenced in Rule 33 of the Federal Rules of Criminal Procedure. The first sentence of the Rule provides, "[T]he court on motion of a defendant may grant a new trial to him if required in the interest of justice." F.R.Crim.P. 33. The application of this discretionary provision has been held to apply broadly and its use may only be reviewed if there is evidence of manifest abuse. In **United States v. Narciso**, 446 F.Supp. 252, 304 (E.D.Mich. 1977), the [district] court stated that "the very words of the rule—'interest of justice'—mandate the broadest inquiry into the nature of

the challenged proceeding." A judge granting a new trial under this Rule need assign no reason other than it is required in the interest of justice. The federal system has recognized that this power is not without restriction, especially when the action taken potentially intrudes upon the domain of the jury. In **Tennent v. Peoria & P.V. Ry. Co.**, 321 U.S. 29, 35 (1944), the United States Supreme Court stated, "Courts are not free to reweigh the evidence and set aside a jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable."

This concept of "interest of justice" has also been historically recognized as a viable ground for granting a new trial in this Commonwealth. A trial court has an "immemorial right to grant a new trial, whenever, in its opinion, the justice of the particular case so requires." **March v. Phila. & W. Chester Traction Co.**, 132 A. 355 (Pa. 1926). Indeed, . . . [the Pennsylvania Supreme] Court has expressly approved of a trial court's granting a new trial, *sua sponte*, for the promotion of justice, if sufficient cause exists. **Commonwealth v. Dennison**, 272 A.2d 180, 182 (Pa. 1971). Where it will result in the attainment of justice, a trial court may grant a new trial without the initiation of the defendant. **Fisher v. Brick**, 56 A.2d 213 (Pa. 1948).

. . .

It is the trial judge's review of the conditions and activity surrounding the trial which leaves him or her in the best position to make determinations regarding the fairness of the process and its outcome. It is apparent, therefore, if a trial court determines that the process has been unfair or prejudicial, even where the prejudice arises from actions of the court, it may, in the exercise of its discretionary powers, grant a new trial "in the interest of justice."

The right of a court in an appropriate case to provide relief under the rubric of "interest of justice" cannot at this stage of the development of our jurisprudence be seriously questioned.

. . .

> Recognizing that the concept of "in the interest of justice" is merely an identification of a portion of the vast reservoir of discretionary powers vested in the trial court, the standard of review to be employed in testing the appropriateness of its use in a given matter is the well recognized "abuse of discretion standard."
>
> This concept of "in the interest of justice" is merely a recognition of the trial court's discretionary power to ensure the fairness of the proceedings during the adjudicatory stage. An arbitrary and unsupported use of this power by a trial court to avoid justifying its ruling would be clearly inappropriate. As [the Pennsylvania Supreme] Court stated in **Beal v. Reading Co.**, 87 A.2d 214 (Pa. 1952), "mere conclusions such as 'interest of justice' are insufficient. All judicial process necessarily is in the interest of justice. Such conclusion, in the absence of amplification, could well serve as a cloak or shield for abused judicial discretion." 87 A.2d at 216. . . .

**Commonwealth v. Powell**, 590 A.2d 1240, 1242-1243 (Pa. 1991) (some internal citations and emphasis omitted).

In the case at bar, the trial court thoroughly explained why it felt compelled to grant Defendant a new trial "in the interest of justice." To be sure, as the trial court explained, it granted Defendant a new trial because: during the traffic stop, the police officer requested that Defendant submit to a chemical test of his blood;[3] the officer informed Defendant that, if Defendant refused the test and was later convicted of impaired driving, Defendant was subject to enhanced criminal penalties;[4] from the time of the

---

[3] **See** Commonwealth's Trial Exhibit C-1 (DL-26 Form).

[4] **See** Commonwealth's Trial Exhibit C-1 (DL-26 Form).

traffic stop through the date Defendant was convicted of DUI, the law in this Commonwealth held that such warnings and coercive criminal penalties were permissible for refusing a properly requested blood draw;[5] at the time Defendant filed his pre-trial suppression motion, the law in this Commonwealth would have rendered frivolous any claim that the threat of enhanced criminal penalties caused Defendant's consent to be involuntary;[6] prior to sentencing, the United States Supreme Court issued **Birchfield** and held that a state may not "impose criminal penalties on the refusal to submit to" a blood draw;[7] **Birchfield** changed Pennsylvania law, caused the police officer's warning to Defendant to be partially inaccurate, and potentially rendered Defendant's consent involuntary;[8] since counsel cannot be held "ineffective for failing to anticipate changes in the law" or "for not making frivolous objections," Defendant would not have been able to successfully claim that his counsel was ineffective for failing to seek suppression of the blood test results based upon the (allegedly) involuntary consent;[9] and, the

---

[5] **See**, **e.g.**, **Pa. Dep't of Transp., Bureau of Driver Licensing v. Weaver**, 912 A.2d 259, 264-265 (Pa. 2006).

[6] **See Commonwealth v. Graham**, 703 A.2d 510, 512 (Pa. Super. 1997).

[7] **See Birchfield**, 136 S.Ct. at 2186.

[8] **Commonwealth v. White**, 528 A.2d 596, 598 (Pa. 1987); **Commonwealth v. McBall**, 463 A.2d 472, 475 (Pa. Super. 1983).

[9] **See Graham**, 703 A.2d at 512.

trial court's pre-sentence grant of a new trial, "in the interest of justice," was the only way Defendant's consent to the blood draw could be reevaluated under **Birchfield**, "given the partial inaccuracy of the officer's advisory."[10] **See** Trial Court Opinion, 9/20/16, at 12-21. Given the trial court's well-reasoned opinion and basis for its grant of a new trial, I agree with the majority that the trial court was within its discretion when it granted Defendant a new trial "in the interest of justice."

Judge Musmanno joins this concurring memorandum.

---

[10] **See Birchfield**, 136 S.Ct. at 2186.