J-A11037-17

2017 PA Super 236

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS S. BELL | : | No. 1490 MDA 2016 |

Appeal from the Order Entered August 22, 2016
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0001098-2015

BEFORE:   SHOGAN, MOULTON, JJ., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                          **FILED JULY 19, 2017**

The Commonwealth appeals from the order entered by the Court of Common Pleas of Lycoming County awarding Appellee Thomas S. Bell a new trial. The Commonwealth claims the trial court erred in finding that the prosecution's admission of evidence of Appellee's refusal to submit to a blood test at his trial on driving under the influence (DUI) charges violated his Fourth Amendment right to be free from unreasonable searches.

As we conclude that it is constitutionally permissible to deem motorists to have consented to the specific provision of Pennsylvania's Implied Consent Law that sets forth evidentiary consequences for the refusal of chemical testing upon a lawful arrest for DUI, we reverse and remand for sentencing.

_____

[*] Former Justice specially assigned to the Superior Court.

On May 16, 2015, officers initiated a traffic stop of Appellee's vehicle after observing that Appellee did not have his taillights properly illuminated. After approaching the vehicle, officers noticed Appellee's breath smelled of alcohol and his eyes were glossy and bloodshot. Appellee admitted to recently consuming four beers, was unsteady on his feet, and failed to perform field sobriety testing satisfactorily. Appellee's breath test revealed his blood alcohol concentration (BAC) was .127%. Officers placed Appellee under arrest for DUI and transported him to the Williamsport Hospital for blood testing. After Appellee was read the DL-26 Chemical Testing Warnings, he refused to submit to a blood sample.

On May 18, 2015, Appellee was charged with DUI — general impairment (75 Pa.C.S.A. § 3802(a)(1)) and a summary charge for required lighting (75 Pa.C.S.A. § 4302(a)(1)). On March 8, 2016, Appellee filed a pre-trial motion to dismiss the DUI charge, specifically arguing that he had a constitutional right to refuse to submit to a warrantless blood test. Thus, Appellee claimed that his refusal to submit to a blood test should have been suppressed. On April 28, 2016, the trial court denied Appellee's motion.

On the same day, Appellee proceeded to a bench trial in which the Commonwealth was permitted to introduce testimony from the arresting officer detailing how Appellee had refused a blood test. The officer explained that Appellee had asserted that he not want a needle in his arm because he claimed that he had contracted hepatitis from a hospital needle on a prior

occasion. At the conclusion of the trial, Appellee was convicted of the DUI charge and the summary traffic violation.

On July 1, 2016, Appellee filed a motion for reconsideration of the trial court's denial of his motion to dismiss, arguing that evidence of his refusal to submit to a blood test should have been deemed inadmissible at trial. Specifically, Appellee cited to the recent decision in *Birchfield v. North Dakota*, ___U.S.___, 136 S.Ct. 2160, 2186, 195 L.Ed.2d 560 (2016), in which the Supreme Court found that implied consent laws cannot deem motorists to have given consent to criminal penalties upon their refusal to submit to chemical testing. On August 19, 2016, the trial court entered an order granting Appellee a new trial at which the prosecution would not be allowed to introduce evidence of Appellee's refusal. The Commonwealth filed this timely appeal.

We review a trial court's decision to grant or deny a motion for a new trial under an abuse of discretion standard.[1] *Czimmer v. Janssen Pharm., Inc.*, 122 A.3d 1043, 1051 (Pa.Super. 2015). Moreover,

---

[1] We note that the trial court entered this order granting a new trial before entering a judgment of sentence. However, "[i]nterlocutory appeals as of right are permitted from orders in criminal proceedings awarding a new trial where the Commonwealth claims that the lower court committed an error of law." *Commonwealth v. MacDougall*, 841 A.2d 535, 536–37 (Pa.Super. 2003) (citing Pa.R.A.P. 311). As this is the procedural posture before us, we may proceed to review the trial court's actions.

[w]e must review the court's alleged mistake and determine whether the court erred and, if so, whether the error resulted in prejudice necessitating a new trial. If the alleged mistake concerned an error of law, we will scrutinize for legal error. Once we determine whether an error occurred, we must then determine whether the trial court abused its discretion in ruling on the request for a new trial.

*Id*. (quoting *ACE Am. Ins. Co. v. Underwriters at Lloyds and Cos.*, 939 A.2d 935, 939 (Pa.Super. 2007)).

The Commonwealth argues that Appellee is not entitled to a new trial as it was constitutionally permissible for the prosecution to introduce evidence of Appellee's refusal to consent to a warrantless blood test at his trial on DUI charges to show consciousness of guilt. Appellee asserts that he had a constitutional right to refuse the warrantless blood test pursuant to *Birchfield*; thus, Appellee argues the admission of the refusal evidence penalized him for exercising a constitutional right.

Before reaching the parties' specific arguments, we begin by discussing the statutory scheme and related decisional law governing chemical testing of individuals suspected of DUI and related traffic offenses. Our courts have established that driving is a privilege, not a fundamental right. *Commonwealth, Dep't of Transp., Bureau of Driver Licensing v. Scott*, 546 Pa. 241, 250, 684 A.2d 539, 544 (1996); *Commonwealth v. Jenner*, 681 A.2d 1266, 1273 (Pa.Super. 1996). To hold this privilege, drivers must meet necessary qualifications and comply with the terms of the Implied Consent Law (75 Pa.C.S.A. § 1547), which requires motorists to submit to chemical sobriety tests when requested to do so by an authorized

law enforcement officer under the specific circumstances outlined in the statute. As a general rule, Section 1547 provides in pertinent part:

> Any person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath or blood for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle:
>
> (1)   in violation of section … 3802 (relating to driving under influence of alcohol or controlled substance) …

75 Pa.C.S.A. § 1547(a)(1).

The Implied Consent Law sets forth penalties to be imposed upon a person who is arrested for DUI and refuses to submit to chemical testing. First, Section 1547(b) requires the Pennsylvania Department of Transportation to suspend the driver's license for at least one year. 75 Pa.C.S.A. § 1547(b). Second, Section 1547(e) allows for evidence of the motorist's refusal to submit to chemical testing to be admitted at his or her criminal trial on DUI charges:

> **(e) Refusal admissible in evidence.--**In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3802 or any other violation of this title arising out of the same action, the fact that the defendant refused to submit to chemical testing as required by subsection (a) may be introduced in evidence along with other testimony concerning the circumstances of the refusal. No presumptions shall arise from this evidence but it may be considered along with other factors concerning the charge.

75 Pa.C.S.A. § 1547(e).

In addition to license suspension and evidentiary consequences in DUI prosecution for refusal of chemical testing, the Legislature also set forth criminal penalties for individuals who are convicted of DUI charges in a separate section of the Vehicle Code; Section 3804(c) provides that a motorist who is convicted of DUI under Section 3802 and refused to submit to testing shall be sentenced to enhanced penalties as delineated in that provision. 75 Pa.C.S.A. § 3804(c).

In post-trial motion, Appellee limited his argument to challenge the application of Section 1547(e) in this case as the prosecution was allowed to admit evidence of his refusal at his trial on DUI charges. As the trial court granted Appellee's post-trial motion and awarded him a new trial before Appellee was sentenced, Appellee was not subjected to the criminal penalties set forth in Section 3804(c).[2] The trial court granted Appellee's post-trial motion as it found that the admission of evidence of Appellee's refusal to submit to a warrantless blood test penalized Appellee for refusing to waive his Fourth Amendment right to be free from warrantless searches.

The Fourth Amendment of the United States Constitution provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."

_____

[2] In its appellate brief, the Commonwealth states that pursuant to **Birchfield**, Appellee's sentence could not be enhanced as a result of his refusal of chemical testing.

U.S. Const. amend. IV. Blood tests and breath tests constitute searches under the Fourth Amendment as they implicate privacy concerns. *Birchfield*, 136 S.Ct. at 2173. *See also Commonwealth v. Ellis*, 223, 608 A.2d 1090, 1091 (Pa.Super. 1992) (providing that "the administration of a blood test is a search within the meaning of the Fourth Amendment if it is performed by an agent of the government").

As a general rule, the Fourth Amendment requires that, in order to conduct a search of an individual or his or her property, law enforcement must obtain a warrant, supported by probable cause and issued by a neutral magistrate. *Commonwealth v. Arter*, ___Pa.___, 151 A.3d 149, 153 (2016). Although a warrantless search is *per se* unreasonable, this rule is subject to several established exceptions, which includes the consent exception. *Commonwealth v. Evans*, 153 A.3d 323, 327–28 (Pa.Super. 2016). While trial court recognized Appellee was not subjected to a governmental search as he refused to submit to blood testing, the trial court asserted that Appellee's "exercise of his Fourth Amendment right to be free from warrantless searches cannot be used as evidence of consciousness of guilt." Trial Court Opinion, 8/22/16, at 3.

Though not expressly stated, the trial court's rationale for granting Appellee a new trial derives from principles set forth in *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), in which the Supreme Court of the United States held that the commentary made by the trial court and prosecutor suggesting to the jury that the defendant's failure to testify

at trial could be considered evidence of guilt impermissibly burdened the defendant's privilege against self-incrimination. The Court rejected this commentary as "a penalty imposed by courts for exercising a constitutional privilege." *Id*. at 614, 85 S.Ct. at 1229.

Nevertheless, the Supreme Court declined to extend the penalty analysis set forth in *Griffin* to a case involving a defendant's refusal to submit to warrantless blood testing. In *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983), the Supreme Court concluded that the admission of evidence of a defendant's refusal of a warrantless blood test did not violate Appellee's Fifth Amendment right against self-incrimination or his Fourteenth Amendment right to due process. The Court acknowledged its previous decision in *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), in which it had concluded that the prosecution's admission of the *results* of a compelled blood test in the defendant's trial on DUI charges did not violate the defendant's Fifth Amendment right against self-incrimination as blood evidence was not testimonial, but merely physical.

In reaching its ultimate conclusion that Appellee's right against self-incrimination and right to due process had not been violated, the *Neville* Court observed that the specific rule set forth in *Griffin* forbidding commentary on a defendant's refusal to testify at trial was inapplicable as "a person suspected of drunk driving has no constitutional right to refuse to take a blood-alcohol test." *Id*. at 560 n.10, 103 S.Ct. 916. The Court

explained that the right to refuse a blood or breath test is not one of "constitutional dimension" but rather is "simply a matter of grace bestowed by the [state] legislature." *Id*. at 565, 103 S.Ct. 916.

Consistent with this federal precedent, this Court has also emphasized that an individual suspected of drunk driving does not have a constitutional right to refuse chemical testing. In *Commonwealth v. Graham*, 703 A.2d 510 (Pa.Super. 1997), the appellant argued that trial counsel was ineffective in failing to move to suppress the results of his warrantless blood test as the appellant claimed his consent had been coerced in violation of the Fifth Amendment when he was informed that his refusal would be used as evidence of guilt in a trial on DUI charges. Thus, the appellant claimed that Section 1547(e), which sets forth the evidentiary consequences imposed on a motorist who refuses to submit to chemical testing upon a lawful arrest for DUI, was an unconstitutional penalty to the exercise of an individual's right to refuse the test.

However, the *Graham* Court concluded that the evidentiary consequences for the refusal of a blood test set forth in Section 1547(e) did not violate the appellant's constitutional rights, as the appellant's "right to refuse the blood test is derived only from Section 1547 itself and not from the Constitution." *Id*. at 512. This Court emphasized that there is:

> no constitutional right to refuse chemical testing.... [D]riving in Pennsylvania is a civil privilege conferred on individuals who meet the necessary qualifications set forth in the Vehicle Code.... Under the terms of the Implied Consent Law, one of the necessary qualifications to continuing to hold that privilege is

that a motorist must submit to chemical sobriety testing, when requested to do so by an authorized law enforcement officer in accordance with the prerequisites of the Implied Consent Law. The obligation to submit to testing is related specifically to the motorist's continued enjoyment of the privilege of maintaining his operator's license.

***Commonwealth v. Graham***, 703 A.2d 510, 512 (Pa.Super. 1997) (quoting ***Commonwealth v. Stair***, 548 Pa. 596, 699 A.2d 1250 (1997) (equally divided Court)). ***See also Scott***, 546 Pa. at 250, 684 A.2d at 544 (same).

Based on the reasoning set forth in ***Neville*** and ***Graham***, we find Appellee had no constitutional right to refuse a blood test upon his lawful arrest for DUI and thus, it was constitutionally permissible for the prosecution to introduce evidence of this refusal at his trial on DUI charges.

The trial court's reliance on ***Birchfield*** is misplaced; this decision does not support the trial court's assertion that Appellee had a constitutional right to refuse chemical testing. In ***Birchfield***, the Supreme Court of the United States reviewed the constitutionality of implied consent laws that *criminalize* a driver's refusal to undergo warrantless chemical testing upon a lawful arrest for drunk driving. In the course of doing so, the High Court assessed whether the search-incident-to-arrest exception to the Fourth Amendment could justify warrantless chemical testing. After analyzing the impact of blood and breath tests on individual privacy interests as well as the need for BAC tests in criminal prosecution, the Court concluded that law enforcement may require a motorist to submit to warrantless *breath* testing as a search incident to an arrest for drunk driving; however, this exception does not justify warrantless *blood* testing, which is a more intrusive process.

Nevertheless, while the High Court rejected the application of the search-incident-to-arrest exception to compel a motorist to submit to a blood test, it expressed approval of implied consent laws that deem a motorist to have consented to be subject to certain penalties if they refuse to submit to a warrantless blood test upon his or her arrest for DUI. Acknowledging the consent exception to the warrant requirement, the Court provided as follows:

> It is well established that a search is reasonable when the subject consents, and that sometimes consent to a search need not be express but may be fairly inferred from context. Our prior opinions have referred approvingly to the general concept of implied-consent laws that impose ***civil penalties and evidentiary consequences*** on motorists who refuse to comply. ***Petitioners do not question the constitutionality of those laws, and nothing we say here should be read to cast doubt on them.***

***Birchfield***, 136 S.Ct. at 2185 (emphasis added) (citations omitted). ***See also Missouri v. McNeely***, ___U.S.___, 133 S.Ct. 1552, 1556, 185 L.Ed.2d 696 (2013) (plurality) (acknowledging with approval that implied consent laws are employed as a tool to secure BAC evidence as "most States allow the motorist's refusal to take a BAC test to be used as evidence against him in a subsequent criminal prosecution").

While expressing approval of the imposition of civil penalties and evidentiary consequences on motorists who refuse to comply with chemical testing upon their arrest, the ***Birchfield*** Court concluded that it was unreasonable for implied consent laws to impose *criminal* penalties to punish

- 11 -

a motorist for refusing consent. The Supreme Court's decision in **Birchfield** did not provide that the an individual has a constitutional right to refuse a warrantless blood test, but stressed that "there must be a **limit to the consequences** to which motorists may be deemed to have consented by virtue of a decision to drive on public roads." **Birchfield**, 136 S.Ct. at 2185 (emphasis added).

Based on the Supreme Court's language approving *civil* penalties set forth in implied consent laws, we conclude that it is reasonable to deem motorists to have consented to civil penalties such as license suspension and evidentiary consequences if they choose to refuse to submit to chemical testing upon a lawful arrest for DUI.

For the foregoing reasons, we conclude that Appellee was not entitled to a new trial based on the admission of evidence of his refusal to submit to a warrantless blood test. Accordingly, we reverse the trial court's order and remand for sentencing.

Order reversed. Remand for sentencing. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2017