J-A31026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SEAN JOSEPH KURTZ | : | |
| | : | |
| | : | No. 1285 EDA 2017 |

Appeal from the Decision March 22, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0005500-2016

BEFORE:   PANELLA and OLSON, JJ. and STEVENS,* P.J.E.

JUDGMENT ORDER BY OLSON, J.:                **FILED FEBRUARY 27, 2018**

The Commonwealth of Pennsylvania appeals from the March 22, 2017 order granting Sean Joseph Kurtz's ("Appellee's") motion in *limine*.  We reverse.

The factual background and procedural history of this case are as follows.  Early in the morning on May 1, 2016, Appellee was involved in a motor vehicle accident.  Appellee fled the scene.  The driver of the other vehicle recognized Appellee and informed police of his identity.  Appellee was stopped a short time later.  Police requested that he undergo a blood test to determine if he were under the influence of alcohol and/or drugs but he refused to consent to such testing.

*Former Justice specially assigned to the Superior Court

On September 14, 2016, the Commonwealth charged Appellee via criminal information with driving under the influence - general impairment[1] and fleeting the scene of an accident.[2]  Thereafter, Appellee filed a motion in *limine* seeking to prohibit the Commonwealth from introducing evidence that he refused a blood test.  On March 22, 2017, the trial court granted Appellee's motion in *limine*.  This timely interlocutory appeal as of right followed.[3]  **See** Pa.R.A.P. 311(d) (Commonwealth may appeal as of right from an order that does not end the entire case where the Commonwealth certifies that the order will terminate or substantially handicap the prosecution.).

The Commonwealth presents two issues for our review:

1. Did the trial court err and/or abuse its discretion in granting Appellee's [m]otion in [*l*]*imine* to preclude evidence of Appellee's refusal of blood testing and circumstances surrounding same, where the trial court based its ruling on an erroneous interpretation of **Birchfield v. North Dakota**, [136 S.Ct. 2160 (2016)] . . . ?

2. Did the trial court err and/or abuse its discretion in granting Appellee's [m]otion in [*l*]*imine* to preclude evidence of Appellee's refusal of blood testing . . . when it determined that the probative value of the refusal evidence was outweighed by its prejudicial impact . . . ?

Commonwealth's Brief at 4.

---

[1] 75 Pa.C.S.A. § 3802(a)(1).

[2] 75 Pa.C.S.A. § 3744(a).

[3] On May 2, 2017, the trial court ordered the Commonwealth to file a concise statement of errors complained of on appeal ("concise statement").  **See** Pa.R.A.P. 1925(b).  On May 12, 2017, the Commonwealth filed its concise statement.  On June 15, 2017, the trial court issued its Rule 1925(a) opinion. Both of the Commonwealth's issues were included in its concise statement.

Both of the Commonwealth's issues challenge the trial court's order granting Appellee's motion in *limine* to exclude evidence relating to his refusal to submit to a blood test. "We review a trial court's decision to grant a motion in *limine* for an abuse of discretion." ***Commonwealth v. Ribot***, 169 A.3d 64, 67 (Pa. Super. 2017) (citation omitted).

While this appeal was pending, a three-judge panel of this Court decided ***Commonwealth v. Bell***, 167 A.3d 744 (Pa. Super. 2017). In ***Bell***, this Court held that evidence of a motorist's refusal to submit to a blood test is admissible post-***Birchfield***. ***Id.*** at 749-750. Appellee's counsel conceded at oral argument that the outcome of this appeal is controlled by ***Bell***. We agree.[4] Under ***Bell***, admission of evidence that Appellee refused to submit to a blood test does not violate his constitutional rights and the probative value of the refusal evidence outweighs its prejudicial effect. Accordingly, we reverse the trial court's order granting Appellee's motion in *limine* and remand for further proceedings consistent with this judgment order.

Order reversed. Case remanded. Jurisdiction relinquished.

---

[4] Although some members of this panel disagree with ***Bell***, as a three-judge panel we are bound by that decision. ***See Commonwealth v. Johnson***, 125 A.3d 822, 826 n.2 (Pa. Super. 2015) (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/18