J. A19034/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                      :          PENNSYLVANIA
             v.                      :
                                        :
CHRISTOPHER M. REDMOND,        :        No. 795 MDA 2017
                                         :
            Appellant          :

Appeal from the Judgment of Sentence Entered May 4, 2017,
in the Court of Common Pleas of Perry County
Criminal Division at No. CP-50-CR-0000089-2016

BEFORE: GANTMAN, P.J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED OCTOBER 11, 2018**

Christopher M. Redmond appeals from the May 4, 2017 judgment of

sentence entered by the Court of Common Pleas of Perry County following his

conviction of driving under the influence of alcohol ("DUI"), following too

closely, careless driving, and reckless driving.[1] After careful review, we affirm.

The trial court convicted appellant of the aforementioned offenses

following a non-jury trial on December 21, 2016. On May 4, 2017, the trial

court sentenced appellant to, **_inter alia_**, 48 hours to 6 months' imprisonment.

The trial court also suspended appellant's driver's license for 12 months.

Appellant filed a notice of appeal to this court on May 12, 2017. On

May 15, 2017, the trial court ordered appellant to file a concise statement of

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 3310(a), 3714(a), and 3736(a), respectively.

errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). As of August 11, 2017, appellant had not complied with the trial court's order, and the trial court entered an order on that date stating that it intended to "draft no further memoranda in this case." (Trial court order, 8/11/17.) The following day, appellant filed a concise statement of errors complained of on appeal *nunc pro tunc*. The trial court, however, did not consider appellant's concise statement, and the certified record was transmitted to this court on August 15, 2017.

On September 8, 2017, appellant filed a petition for writ of *mandamus* in which appellant's counsel claimed to have never received the trial court's Rule 1925(b) order. Appellant requested this court to remand the case to the trial court for the issuance of a Rule 1925(a) opinion. We denied appellant's petition without prejudice via a *per curiam* order filed September 26, 2017.

Appellant filed a *nunc pro tunc* petition with the trial court on October 3, 2017, in which he requested that his Rule 1925(b) statement, filed on August 12, 2017, be considered timely filed. The trial court granted appellant's *nunc pro tunc* petition on November 15, 2017. On January 26, 2018, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issue for our review: "Did the trial court's consideration of [appellant's] refusal to consent to an unlawful blood test as substantive evidence of guilt warrant reversal of the conviction?" (Appellant's brief at 4.) Specifically, appellant contends that the trial court's consideration

of appellant's refusal to submit to a blood draw, on top of the other evidence presented at trial, is "an impermissible burden on the assertion of a valid constitutional right to resist an unlawful blood test." (*Id.* at 10.) Appellant further argues that 75 Pa.C.S.A. § 1547(e), which authorizes an individual's refusal to submit to a blood draw to be admitted into evidence, is unconstitutional, thereby "tainting" the verdict. (*Id.*)

The Pennsylvania Rules of Appellate Procedure require a litigant to preserve an issue raised on appeal with a timely and specific objection before the trial court. *Commonwealth v. Poplawski*, 130 A.3d 697, 728 (Pa. 2015), *cert. denied sub nom. Poplawski v. Pennsylvania*, 137 S.Ct. 89 (2016), citing Pa.R.A.P. 302. Failure to preserve an issue before the trial court results in a waiver of the issue on appeal. *Id.* Based upon our review of the record, appellant failed to object to the trial court's consideration of appellant's refusal to submit to a blood draw, thereby waiving his sole issue on appeal.

Even if appellant had preserved his issue for appellate review, this issue has been previously addressed by this court in great detail by *Commonwealth v. Bell*, 167 A.3d 744 (Pa.Super. 2017), *appeal granted*, 183 A.3d 978 (Pa. 2018). In *Bell*, this court held that the Commonwealth's introduction into evidence of the defendant's refusal to consent to a blood draw did not violate the defendant's constitutional rights. *Id.* at 749. Absent intervening authority from our supreme court, we do not have the power to overturn a decision reached by a prior panel of this court. *Commonwealth*

*v. Pepe*, 897 A.2d 463, 465 (Pa.Super. 2006), *appeal denied*, 946 A.2d 686 (Pa. 2008), *cert. denied sub nom.*, *Pepe v. Pennsylvania*, 555 U.S. 881 (2008) (citations omitted).  Accordingly, notwithstanding appellant's waiver of his issue on appeal, we would deem his issue to be without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2018