J-S07025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA EDWARD POPE | : | |
| | : | |
| Appellant | : | No. 635 MDA 2024 |

Appeal from the Judgment of Sentence Entered November 28, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001295-2021

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED: JUNE 18, 2025**

Joshua Edward Pope appeals from the judgment of sentence entered following his convictions for two counts each of rape of a child and indecent assault (person less than 13 years of age), and one count each of involuntary deviate sexual intercourse, aggravated indecent assault of a child, corruption of minors, obscenity, unlawful contact with a minor, and criminal use of a communication facility.[1] He challenges the admission of evidence, the sufficiency and weight of the evidence, the denial of his motion for a new trial, and the discretionary aspects of his sentence. We affirm.

Pope's convictions arise from his sexual contact with his 11-year-old neighbor. The trial court aptly summarized the factual and procedural history

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3126(a)(7), 3125(b), 6301(a)(1)(iii), 5903(c)(1), 6318(a)(4), and 7512(a), respectively.

leading to Pope's convictions, which we adopt. *See* Rule 1925(a) Opinion ("1925(a) Op."), filed, 10/10/24, at 1-11.

The jury found Pope guilty of the aforementioned charges and the court sentenced him to an aggregate term of 38½ to 77 years' incarceration followed by three years' reporting probation. The court ran the unlawful contact with a minor conviction concurrent to the obscenity conviction and imposed all remaining counts consecutively.[2] Pope filed a post-sentence motion challenging his sentence and requesting a new trial. The court denied Pope's post-sentence motion, and this timely appeal followed.

Pope raises the following claims:

    a.  Whether the sentence imposed on [Pope] was excessive?

    b.  Whether the Trial Court erred and/or abused its discretion in granting the Commonwealth's Motion *in Limine*, allowing screenshots of Facebook messages into evidence?

    c.  Whether the Trial Court erred and/or abused in denying [Pope's] request for a new trial based on "spoliation of evidence"?

    d.  Whether the evidence presented at trial was sufficient to sustain [Pope's] conviction?

    e.  In the event that the evidence was sufficient, whether the conviction was against the weight of the evidence presented at trial?

Pope's Br. at 5.

_____

[2] The indecent assault and corruption of minor convictions merged for purposes of sentencing.

**DISCRETIONARY ASPECTS OF SENTENCE**

Pope claims that the court's imposition of consecutive terms amounts to a lifelong sentence. The court treated each sexual act separately, but Pope argues that "each alleged sexual encounter in its entirety is one sexual act, rather than multiple sexual acts within a single sexual encounter, for sentencing purposes." Pope's Br. at 23.

Pope challenges the discretionary aspects of his sentence for which there is no automatic right to appeal. ***Commonwealth v. Mastromarino***, 2 A.3d 581, 585 (Pa.Super. 2010). Rather this Court must first determine whether:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

***Commonwealth v. Corley***, 31 A.3d 293, 296 (Pa.Super. 2011) (citations omitted).

Here, Pope filed a timely notice of appeal and a post-sentence motion challenging his sentence. However, he failed to comply with the procedural requirements of Rule 2119(f). When challenging the discretionary aspects of sentence, the appellant must "set forth **in a separate section** of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f) (emphasis added). Pope's Rule 2119(f) statement is included in the argument

section of his brief, instead of "immediately prece[ing] the argument on the merits" for his sentencing claim. *Id.* However, since this is a procedural defect and the Commonwealth does not object, we proceed to determine whether Pope raises a substantial question. *See Commonwealth v. Anderson*, 830 A.2d 1013, 1017 (Pa. Super. 2003) ("If an appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth does not object, the reviewing Court may overlook the omission if the presence or absence of a substantial question can easily be determined from the appellant's brief").

Pope argues that the court's consecutive sentences amounted to a "life-long sentence for [Pope] for a non-violent act[.]" Pope's Br. at 22. This does not raise a substantial question. "[T]he key to resolving the preliminary substantial inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Mastromarino*, 2 A.3d at 587.

Here, the trial court had a presentence investigation ("PSI") report and therefore was mindful of Pope's lack of criminal history. *See Commonwealth v. Clemat*, 218 A.3d 944, 960 (Pa.Super. 2019) (stating that when the sentencing judge has a PSI, this Court presumes the judge is aware of and weighs relevant sentencing information). The court explained on the record at sentencing that Pope's convictions did not stem from a one-time incident but rather from a pattern of Pope's grooming behavior of the victim over time. It

also explained its reasoning for imposing consecutive sentences and why it did not believe a concurrent sentence would be appropriate.

> While we are not hearing from the victim or her family today, obviously, this [c]ourt did hear from the victim in her own words what had happened at the time, and, clearly, the jury as the fact finders found her credible.
>
> This was not a one-time incident, this was a pattern of grooming and behavior towards a child. I think it is important to keep in mind there was no consent here, there was no ability to consent here. There is no fault on the part of the victim in this case at all. In fact, one of the things that the [c]ourt finds concerning was the attempts by [Pope] in this case to play to her emotion so that she would feel guilty or feel that she was at fault when she was not.
>
> While certainly this will be a long sentence for [Pope], it can also be a life sentence for a victim who will forever have these experiences effect her sense of self-esteem, her relationship with others, her relationship with her parents, her trust with adults, her ability to trust her friends and her friends' parents, and, in a way, that is a life sentence. . . .
>
> She is also going to have to be a survivor because of the behavior that occurred. The [c]ourt does not feel that it is appropriate for these sentences to run concurrently, because it was not a concurrent event, it was a consecutive event, and there were different choices to engage in different behavior which led to different crimes. And there shouldn't be a group discount because of different choices to engage in different behavior and different crimes.

Reproduced Record, filed 10/24/24, at 1400-1401 (quoting N.T., 11/28/23, at 14-15).[3]

_____

[3] The transcript of the sentencing hearing is not included in the certified record. However, there is a copy in the reproduced record. Since there is no dispute regarding the accuracy of that copy, we will consider it. **See** Pa.R.A.P. 1921, Note (stating "where the accuracy of a pertinent document is

*(Footnote Continued Next Page)*

Considering such, we conclude that Pope has failed to raise a substantial question that the court's decision to sentence consecutively raised his aggregate sentence to an excessive level, given the criminal conduct at issue.

**ADMISSION OF EVIDENCE**

Pope argues that the court erred in admitting evidence of screenshots of Facebook messages between him and the victim. He maintains that the Commonwealth failed to properly authenticate the messages under Rule 901 of the Pennsylvania Rules of Evidence and there was no evidence on his cell phone showing that he sent the messages because his phone had been wiped clean during an attempted phone extraction by police. He further points out that his daughter testified that the victim would use his phone when she visited his home, and that the victim knew the passcode to the phone.

"When ruling on a trial court's decision to grant . . . a motion *in limine*, we apply an evidentiary abuse of discretion standard of review." *Commonwealth v. Mangel*, 181 A.3d 1154, 1158 (Pa.Super. 2018) (citation omitted). We will not disturb a court's ruling unless it "reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." *Id.* (citation omitted).

Items of evidence must be authenticated before they may be admitted. *See* Pa.R.E. 901. "[T]he proponent must produce evidence sufficient to

undisputed, the Court could consider that document if it was in the Reproduced Record, even though it was not in the record that had been transmitted to the Court" (citing *Commonwealth v. Brown*, 52 A.3d 1139, 1145 n.4 (Pa. 2012)).

support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a). The proponent may satisfy this requirement with, for example, the testimony of a witness with knowledge. **See id.** at 901(b)(1). The proponent may connect digital evidence with a person through "direct evidence such as testimony of a person with personal knowledge" or circumstantial evidence such as "identifying content or proof of ownership, possession, control, or access to a device or account at the relevant time when corroborated by circumstances indicating authorship." **Id.** at 901(b)(11).

Here, the Commonwealth filed a motion *in limine* to admit screenshots of Facebook messages between the victim and Pope. The judge who presided over the motion initially denied the motion but following subsequent hearings, admitted the messages. **See** Order Granting Commonwealth's Motion *in Limine*, filed 4/28/23. It determined that the Commonwealth presented sufficient evidence to authenticate the messages such as the victim's testimony identifying the messages in her cell phone that she received and sent. **Id.** at 4. The victim also testified that she went to Pope's home in response to some of the messages and had sex with Pope. **See id.** The court also pointed out the victim's testimony regarding a video sent to her during her text exchange with Pope. **See id.** at 5. This video showed a male masturbating and the background of the video matched the interior of Pope's home. Additionally, the court determined that the Commonwealth presented sufficient evidence that Pope had a Facebook account that he used to send the messages to the victim. It noted that while the Facebook account

containing Pope's photograph and name alone would be insufficient to authenticate the messages. Here, the evidence also included the victim's testimony that in response to the messages from the account, she went to "[Pope's] home and engage[d] in sexual activity with [Pope] and on occasion his wife[.]" *Id.* The court concluded that all that evidence, together, was "sufficient circumstantial evidence that the messages were sent by [Pope.]" *Id.*

We agree that the Commonwealth presented sufficient direct and circumstantial evidence linking the Facebook messages to Pope. *See* N.T., 1/17/23, at 35-57 (victim's testimony about Facebook message exchange between her and Pope); N.T., 3/20/23, at 17-18 (detective's testimony regarding interior of Pope's home and video recovered from victim's phone); *cf. Mangel*, 181 A.3d at 1164 (affirming order denying Commonwealth's motion *in limine* to admit Facebook messages purportedly from appellant where Commonwealth did not present direct or circumstantial evidence that appellant sent Facebook messages or created Facebook account, and "there were no contextual clues in the chat messages" identifying appellant as sender).

**MOTION FOR NEW TRIAL**

Pope moved for a new trial in his post-sentence motion based on the Commonwealth's handling of his phone. He claimed that the wiping clean of his phone amounted to prosecutorial misconduct and incompetence. *See* Defendant's Post-Sentence Motions, filed 12/8/23, at ¶ 45. On appeal, he

claims the trial court improperly denied the motion because the wiping clean of his phone during an extraction of the contents of his phone spoliated evidence. He maintains the Commonwealth could not provide a reasonable explanation of how the phone was wiped. Pope argues that the lack of a reasonable explanation "seems to be indicative of an intentional carelessness or recklessness when handling the phone and conducting the 'phone dump.'" Pope's Br. at 27. He further alleges "there would have been exculpatory evidence on the phone" and he was extremely prejudiced by the loss of evidence. *Id.*

We review the court's denial of a motion for a new trial for an abuse of discretion. *Commonwealth v. Bell*, 167 A.3d 744, 746 (Pa.Super. 2017). "'Spoliation of evidence' is the failure to preserve or the significant alteration of evidence for pending or future litigation." *Parr v. Ford Motor Co.*, 109 A.3d 682, 701 (Pa.Super. 2014) (*en banc*) (citation omitted). If spoliation has occurred, three factors must be considered in assessing the proper penalty: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party." *Commonwealth v. Underwood*, No. 1891 WDA 2019, 2020 WL 4746006, at *3 (Pa.Super. 2020) (unpublished mem.) (quoting *Marshall v. Brown's IA, LLC*, 213 A.3d 263, 268 (Pa.Super. 2019)).

The trial court found Pope's spoliation claim to be meritless. It concluded that Pope did not suffer prejudice because "there was no relevant evidence

significantly prior to the Commonwealth's accidental wiping of his phone." Order Denying Post-Sentence Motion, 4/4/24, at 14. The court further explained that there is no evidence that the Commonwealth intentionally wiped Pope's phone. *Id.* at 13.

While Pope claims there would have been exculpatory evidence on the phone, he fails to explain what that evidence would have been. Thus, as the trial court concluded, he failed to show any prejudice. Furthermore, the record shows that the wiping of the phone occurred during an extraction of the phone rather than an intentional wiping of the phone. The court properly exercised its discretion in denying Pope's motion for a new trial.

## SUFFICIENCY OF THE EVIDENCE

We do not address the merits of Pope's sufficiency claim because Pope has waived review of this issue.

"[I]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's [Pa.R.A.P.] 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." *Commonwealth v. Ellison*, 213 A.3d 312, 320-21 (Pa.Super. 2019) (citation omitted). This is especially important when the appellant has been "convicted of multiple crimes of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Id.* at 321 (citation omitted). A failure to specify the element or elements for which the evidence is insufficient results in waiver of the claim on appeal. *See Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa.Super. 2015).

- 10 -

In his Rule 1925(b) statement, Pope challenged "Whether the evidence presented at trial was sufficient to sustain [Pope's] conviction?" Pa.R.A.P. 1925(b) Statement, filed 5/28/24, at ¶ 2. This statement fails to specify the element or elements of any of his crimes that he deems insufficient. It also does not identify which of his 10 convictions he is challenging. The statement lacks the necessary specificity required for a sufficiency claim. Furthermore, Pope's post-sentence motion does not provide any context for his sufficiency claim that would warrant a review of the claim. **See** Defendant's Post-Sentence Motions Pursuant to Pennsylvania Rules of Criminal Procedure No. 720, filed 12/8/23; **cf. Commonwealth v. Rogers**, 250 A.3d 1209, 1224-25 (Pa. 2021) (reversing Superior Court's finding of waiver of weight challenge where post-sentence motion and Rule 1925(b) together made the weight of the evidence claim "understandable from context"). This issue is waived. **See Commonwealth v. Hoffman**, 198 A.3d 1112, 1125 (Pa.Super. 2018) (finding waiver of sufficiency claim where appellant's Rule 1925(b) statement failed to specify elements of crimes that were allegedly insufficiently proven).

**WEIGHT OF THE EVIDENCE**

Pope claims the verdicts were against the weight of the evidence because in his view the victim's testimony differed significantly from what she initially told police and because there was no corroborating physical evidence or eyewitnesses.

We review a challenge to the weight of the evidence for an abuse of discretion. **See Commonwealth v. Wright**, 314 A.3d 515, 524 (Pa.Super.

- 11 -

2024). The trial court may sustain a weight challenge and grant a new trial only where the evidence is "so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Talbert*, 129 A.3d 536, 546 (Pa.Super. 2015) (citation omitted). We give great deference to the trial court in its review of a weight claim since the trial court saw and heard the evidence presented at trial. *See id.*

The trial court rejected this claim concluding that "the verdict was not so contrary to the weight of the evidence as to make the award of a new trial imperative." 1925(a) Op. at 20. It further explained:

> [T]he victim was able to testify to specific details of the assaults and verify the sexually explicit material sent to her by [Pope]. The victim testified to conversations between [Pope] and herself which alluded to their sexual relationship, and she testified to the specific ways in which [Pope] touched her and made her touch him.
>
> It is clear that the jury found the testimony of the victim credible and that they believed her version of events. It is well established that the trier of fact has the responsibility of reconciling conflicts in the testimony presented by accepting that evidence they find worthy of belief and rejecting that which they find is not. This responsibility is not altered because the contradictions appear in the Commonwealth's case. . . . The victim's testimony standing alone, if believed, supported all elements of all charges of the verdict.

*Id.* at 19-20 (citations omitted).

Pope directly assaults the evidence at trial and argues the verdict was against its weight, without recognizing the second-hand, abuse-of-discretion nature of our review. He thus has given us no basis on which to find that the court's rejection of his weight claim was an abuse of discretion. In any event,

- 12 -

we do not think the trial court's ruling on Pope's weight claim was an abuse of discretion. As Pope acknowledges, he pointed out to the jury the inconsistencies in the victim's testimony, and even in combination with the other factors he cites, the trial court permissibly rejected his claim.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/18/2025

- 13 -