COMMONWEALTH of Pennsylvania, Appellee,

v.

Andrew T. STEWART, Appellant

Superior Court of Pennsylvania.

Submitted Jan. 13, 2004.

Filed March 26, 2004.

---

P. Richard Wagner, Harrisburg, for appellant.

Jaime M. Keating, Asst. Dist. Atty., Carlisle, for Com., appellee.

BEFORE: STEVENS, PANELLA, and OLSZEWSKI, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Andrew T. Stewart, appeals from the judgment of sentence entered on April 1, 2003 in the Court of Common Pleas of Cumberland County. After careful review, we affirm.

¶ 2 In an opinion filed on June 10, 2003 pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(a), the trial court provided the background of this case as follows:

> David Freed, First Assistant District Attorney of Cumberland County, approved a Driving Under the Influence (DUI) checkpoint to be run in Upper Allen Township on the night of October 26 into the early morning hours of October 27, 2001. The location of the checkpoint on South Market Street had been used as a checkpoint since the early 1990's. In that area there had been thirty-two DUI arrests as well as twenty-six citations for underage drinking, all in the previous six years. Under the supervision of Mr. Freed, the police set up and conducted a roadblock between 11:00 p.m. and 3:30 a.m. It was conducted on a Friday night into a Saturday morning because the number of drivers who would have frequented nearby Mechanicsburg. The operation of the checkpoint ran past the 2:00 a.m. closing time for Pennsylvania drinking establishments.

> Drivers were alerted to the roadblock with appropriately erected signs and drivers could have turned around before entering the checkpoint. The police, using a predetermined and objective standard, stopped every car and requested to see each driver's license, registration and insurance. Only if an officer detect-

ed a sign of drug or alcohol use was a driver directed to a nearby parking lot for field sobriety testing.

According to a stipulation of facts, filed by the parties for the purpose of the trial of this case, the defendant, Andrew Stewart, drove into the checkpoint at around 2:20 a.m. on the morning of October 27th. The police officer who spoke with Stewart noted an "overwhelming odor of alcohol" from the vehicle and from Stewart's breath. Stewart failed to produce his license and registration when requested and his eyes appeared bloodshot and "glassy." Stewart was directed to a nearby parking lot where other police officers administered a field sobriety test. There is no dispute that Mr. Stewart was not free to leave nor was he given *Miranda*[1] warnings before performing the tests. Based on the officers' observations, the defendant was placed under arrest for driving under the influence.

He was subsequently charged with violating Section 3731(a)(1) and (a)(4) of the Motor Vehicle Code, 75 Pa.C.S.A. 3731. At a preliminary hearing, held on January 12, 2002, the district justice dismissed the (a)(1) charge but found a prima facie case with respect to (a)(4) to the effect that the defendant was operating his motor vehicle at a time when his blood/alcohol content exceeded one-tenth of one percent. Though the district attorney added back a violation of (a)(1), that count was withdrawn prior to trial. Pa.R.A.P. 1925(a) Opinion, 6/10/03, at 1–2 (citations to record omitted).

¶ 3 A non-jury trial was scheduled before the Honorable Kevin A. Hess. Prior to trial, Stewart moved to suppress all evidence against him, arguing, *inter alia,* that the roadblock was unconstitutional and that he should have been advised of his *Miranda* rights prior to his field sobriety test. On May 7, 2002, the trial court denied Stewart's motion, and, on February 26, 2003, the court found Stewart guilty. On April 1, 2003, Stewart was sentenced to ninety days to twenty-three months imprisonment. This appeal followed.

¶ 4 "In an appeal from the denial of a motion to suppress, we must determine whether the record supports the suppression court's factual findings. When the evidence supports the suppression court's findings, we may reverse only if the legal conclusions drawn from those factual findings are erroneous." *Commonwealth v. Rastogi,* 816 A.2d 1191, 1193 n. 3 (Pa.Super.2003) (citation omitted). "[O]n appeal from a decision denying suppression, our scope of review is limited and we must consider only the Commonwealth's evidence and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted." *Commonwealth v. Ziegelmeier,* 454 Pa.Super. 330, 685 A.2d 559, 561 (1996) (citation omitted).

¶ 5 Stewart first argues that the roadblock violated his right to be secure from unreasonable searches and seizures under Article I, Section 8 of the Pennsylvania Constitution, Pa. Const. Art. I, § 8. We disagree.

In *Commonwealth v. Tarbert,* 517 Pa. 277, 535 A.2d 1035 (1987), a plurality of the Supreme Court set forth guidelines to insure that an investigative roadblock is constitutionally acceptable:

The possibility of arbitrary roadblocks can be significantly curtailed by the institution of certain safeguards. First, the very decision to hold a drunk-driver roadblock, as well as the decision as to its time and place,

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

should be matters reserved for prior administrative approval, thus removing the determination of those matters from the discretion of police officers in the field. In this connection it is essential that the route selected for the roadblock be one which, based on local experience, is likely to be travelled [sic] by intoxicated drivers. The time of the roadblock should be governed by the same consideration. Additionally, the question of which vehicles to stop at the roadblock should not be left to the unfettered discretion of police officers at the scene, but instead should be in accordance with objective standards prefixed by administrative decision.

*Id.* at 293, 535 A.2d at 1043. The Court held that a drunk-driver roadblock must be conducted "substantially in compliance" with the above guidelines. *Id.* These guidelines were adopted by a majority of the Supreme Court in *Commonwealth v. Blouse,* [531 Pa.] at 173, 611 A.2d [1177] at 1180 [1992].

*Ziegelmeier,* 685 A.2d at 561–62.

¶ 6 Here, the decision to hold the drunk-driver roadblock, as well as the decision as to its time and place, was reserved for prior administrative approval. David Freed, First Assistant District Attorney of Cumberland County indicated that he approved the roadblock in the instant case for 11:00 p.m. on October 26, 2001 until 3:30 a.m. on October 27, 2001 in the area of Bookspan on South Market Street in Upper Allen Township. Moreover, the route selected was likely to be traveled by intoxicated drivers between 11:00 p.m. and 3:30 a.m. The record indicates that there were thirty-two Driving Under the Influence arrests and twenty-six underage drinking citations in the area of the roadblock over the previous six years and that South Market Street is a major route for people coming from nearby drinking establishments late on Friday nights and early on Saturday mornings. Furthermore, the question of which vehicles to stop was determined in accordance with objective standards prefixed by administrative decision. According to Lieutenant James Adams of the Upper Allen Township Police Department, pursuant to a predetermined standard, every car was stopped at the roadblock. Accordingly, since the roadblock in the instant case was conducted substantially in compliance with the above-referenced guidelines, we find that it did not violate the Pennsylvania constitution.

▪ ¶ 7 Stewart next argues that the results of his sobriety test should have been suppressed since he was never advised of his *Miranda* rights. We disagree.

▪ ¶ 8 In *Commonwealth v. Hayes,* 544 Pa. 46, 674 A.2d 677 (1996), our Supreme Court held that *Miranda* warnings need not be given prior to a request to perform a field sobriety test in order to protect a suspect's right against self-incrimination. According to the Court, the privilege against self-incrimination under Article I, Section 9 of the Pennsylvania Constitution, Pa. Const. Art. I, § 9, is not a bar against physical, non-testimonial evidence which the accused is compelled to produce. In reaching its decision, the Court noted that: the text and history of Article I, Section 9 are consistent with the text and history of the Fifth Amendment to the United States Constitution, U.S. Const. Amend. V, which has not been interpreted to be a bar against non-testimonial evidence; all other jurisdictions which have addressed this particular issue hold that no *Miranda* warnings are required before a police officer may request a suspect to perform a field sobriety test; and there are no compelling policy considerations which would justify requiring *Miranda* warnings prior to a request to per-

742

form a field sobriety test. *Id.* at 679–83. Therefore, in light of *Hayes,* we reject Stewart's argument that the results of his sobriety test should have been suppressed since he was never advised of his *Miranda* rights.

¶ 9 In conclusion, we find that the roadblock in the instant case was not unconstitutional. Moreover, we find that no *Miranda* warnings were required before Stewart was requested to perform his field sobriety test. Accordingly, we agree with the well-reasoned opinion of the Honorable Kevin A. Hess filed on June 10, 2003.

¶ 10 Judgment of sentence affirmed.