J-S16010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMIE R. LIPCHIK | |
| Appellant | No. 556 WDA 2016 |

Appeal from the Judgment of Sentence April 1, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002184-2015

BEFORE:  MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY MOULTON, J.:　　　　**FILED:  OCTOBER 24, 2017**

Jamie R. Lipchik appeals from the April 1, 2016 judgment of sentence entered in the Erie County Court of Common Pleas following his jury trial conviction for driving under the influence of alcohol–general impairment ("DUI"), 75 Pa.C.S. § 3802(a)(1).[1]  We vacate the judgment of sentence and remand.

The trial court set forth the following factual history:

> On February 15, 2015, at approximately 1:15 a.m., Patrolman Herman Lucas of the Millcreek Police Department responded to a reported fight.  Lucas arrived

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The trial court further found Lipchik guilty of the summary offenses of driving while operating privilege is suspended or revoked and general lighting requirements.  75 Pa.C.S. §§ 1543(a) and 4303(a), respectively.

on the scene and observed [Lipchik] drive away at a high rate of speed and, at one point, spin in a complete one–eighty. Lucas followed [Lipchik] until he pulled into a driveway. After both exited their vehicles, Lucas detected a strong odor of alcoholic beverage emanating from [Lipchik]. [Lipchik] also had bloodshot, glassy eyes and slurred speech.

Based on the poor weather, Patrolman Lucas transported [Lipchik] to Millcreek Community Hospital to perform field sobriety tests. While there, [Lipchik] refused to complete the field sobriety tests and also refused a blood test.

[Lipchik] was found guilty of the aforementioned offenses. [Lipchik] was sentenced on April 1, 2016, to a term of 1 to 5 years' imprisonment. [Lipchik] did not file a post-sentence motion.

1925(a) Op. at 1-2 (citations to record omitted). On April 15, 2016, Lipchik filed a timely notice of appeal.

Lipchik raises the following issues on appeal:

A. Whether the trial court committed an abuse of discretion and/or error of law when it denied, in part, [Lipschik's motion] to suppress certain statements made by [Lipchik] that were made during the time of arrest and in response to questions meant to elicit an incriminating response and without being properly notified of his rights under **Miranda**.[2]

B. Whether the trial court committed an abuse of discretion and/or error of law when it denied the motion for mistrial after statements made by the court, *sua sponte*, during the cross-examination of the arresting police, were prejudicial towards [Lipchik].

Lipchik's Br. at 3 (full capitalization and suggested answers omitted).

---

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

We first address Lipchik's claim that the trial court erred in denying his motion for a mistrial. He argues that, during cross-examination of Officer Lucas and again at the end of the first day of trial, the trial court incorrectly informed the jury that Lipchik did not have a right to refuse the blood test and that Lipchik's refusal was "wrongful." According to Lipchik, these statements improperly prejudiced the jury and required that the trial court grant his motion for a mistrial.

Our standard of review for an order denying a motion for a mistrial is as follows:

> In criminal trials, declaration of a mistrial serves to eliminate the negative effect wrought upon a defendant when prejudicial elements are injected into the case or otherwise discovered at trial. By nullifying the tainted process of the former trial and allowing a new trial to convene, declaration of a mistrial serves not only the defendant's interest but, equally important, the public's interest in fair trials designed to end in just judgments. Accordingly, the trial court is vested with discretion to grant a mistrial whenever the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial. In making its determination, the court must discern whether misconduct or prejudicial error actually occurred, and if so, . . . assess the degree of any resulting prejudice. Our review of the resulting order is constrained to determining whether the court abused its discretion. Judicial discretion requires action in conformity with the law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

*Commonwealth v. Baldwin*, 158 A.3d 1287, 1293 (Pa.Super. 2017) (quoting *Commonwealth v. Jaynes*, 135 A.3d 606, 615 (Pa. Super.), *app.*

*denied*, 145 A.3d 724 (Pa. 2016) (citation omitted)). Further, "[a] mistrial is not necessary where cautionary instructions are adequate to overcome prejudice." ***Commonwealth v. Fortenbaugh***, 69 A.3d 191, 193 (Pa. 2013) (citation omitted).

During cross-examination of Officer Lucas, the following exchange occurred in the presence of the jury:

> Q. There's no [blood alcohol content ("BAC")], right, no chemical test?
>
> A. He refused.
>
> Q. Right, I understand that. He exercised his right to take the test or not.
>
> THE COURT: **No, he didn't have a right not to take the test once he was placed under arrest, right?**
>
> [DEFENSE COUNSEL]: You can exercise that right.
>
> THE COURT: **It's a power you have but he's required to take the test when he's asked once he's placed under arrest, he didn't do that.**
>
> THE WITNESS: That's one of the –
>
> [DEFENSE COUNSEL]: That's the information.
>
> THE COURT: **I'll give them instructions on that, but, ladies and gentlemen, I don't agree with that statement – that that's a correct statement of the law.**
>
> BY [DEFENSE COUNSEL]:
>
> Q. Well you can either agree to take the test or disagree to take the test, right? You can't force someone to take the test.
>
> THE COURT: Don't go there because that's my legal instruction on the law. **It's different he has a power to refuse and right to refuse.** Leave that subject alone.

It's now you're asking him what the law is and that's for me.

N.T., 2/10/16, at 67-68 (emphasis added). At the end of the first day of trial, the trial court further stated:

The second matter that came up today is this question of whether this refusal to take – provide blood was justified. Here's my instruction on the law. The Commonwealth's view is that driving is a privilege and when you drive in the Commonwealth, by virtue of driving you consent to have your blood or breath tested for alcohol if you're placed under arrest. And here it's uncontroverted that the defendant was, in fact, placed under arrest and was told by the officer that he needed to take, provide blood. He didn't do it.

The defense says that's – that was his right. I'll be clear. A person has the power to refuse. That is, we as a society aren't so – I don't know what word to use – aggressive that when they refuse, we hold them down and stick a needle in their arm and take the blood. The Supreme Court says we have a right of personal autonomy. So the government doesn't have a right to just take the blood out of your arm but the law is clear that by virtue of having a driv[ers'] license in Pennsylvania, you consented to that.

**In the Court's view, when you fail to give that test, where you fail to provide that blood, that refusal is wrongful.** I'll tell you more about how you can use that tomorrow. It doesn't settle this case but it's a factor for you to consider.

**What I don't want you left with is a belief that was the suggestion that somehow the defendant was exercising some right that's protected, because in my view his refusal was wrongful.** I'll talk more about that tomorrow.

*Id.* at 87-88 (emphasis added).  The following day, Lipchik filed a motion for

a mistrial,[3] which the trial court denied.

The trial court included the following charge in the jury instructions:

> Normally in these cases or often you have a blood alcohol.  Here you don't have that.  And the parties take different positions about this blood alcohol test.  Let me talk about it.  First of all, sometimes there's a dispute about refusal.  It seems to me there's no dispute.  Although the officer didn't initially place [Lipchik] under arrest, later, after he didn't take the field sobriety test, which I'll say he had no duty to take, you just don't have to take those, he was placed under arrest, all right, and asked to submit to a [blood].  And at that time he refused.  And again I say, it[] appears there's no dispute about whether he refused or not.  But I say again, that's for you to determine because you have absolute control over what the facts are.  The Commonwealth's view is that he refused.  If he refused, then you can take that refusal into account.
>
> What to do with it?  Well, it's a factor to consider.  The refusal doesn't establish [Lipchik's] guilt, certainly not.  Okay?  And even though I said he had no right to refuse, I'm not implying that either.  **I'm simply saying he had a duty to take the test in the circumstance he was in.**
>
> The Commonwealth argues when you have a refusal, that you can view that as consciousness of guilt.  That is

---

[3] As the dissent correctly notes, a motion for mistrial must be "made when the event is disclosed."  Pa.R.Crim.P. 605.  Here, the trial court provided its instruction at the end of the first day of trial, immediately before permitting the jury to leave for the day.  The trial court and Lipchik's counsel then discussed the trial court's comments, after which court recessed for the day.  Counsel made a motion for mistrial the following morning, before the second day of trial commenced.  Where, as here, there were no trial court proceedings between the court's instruction and the motion for mistrial, and where the trial court did not treat the motion as untimely but instead denied it on the merits, we conclude Lipchik has not waived this issue.

that he knew if he took the test, that those blood results would serve as evidence against him and, therefore, that's why he refused.

The question isn't whether that is the Commonwealth's argument.  It is.  The question is whether that finds comport[] with you.  The defense argues to the contrary, there are other reasons, he was annoyed, he was tired, whatever.  They have arguments why they ask you not to draw an inference for the refusal.  And I'm here to tell you [that you] may consider the refusal along with all other facts and circumstances in the case and give it whatever weight you think is appropriate in determining what it says about the charge here and whether it's been proven beyond a reasonable doubt.  But it certainly doesn't establish in and of itself [Lipchik's] guilt, certainly not.  It's simply a factor to consider with all the other evidence. **And I'm expressing when I talked about a duty to take the test, no opinion at all on the ultimate question here.**  That's entirely for you.

N.T., 2/11/16, at 43-44 (emphasis added).

The Pennsylvania Supreme Court recently re-affirmed that individuals have a statutory right to refuse to submit to a blood test.  ***Commonwealth v. Myers***, ____ A.3d _____, 2017 WL 3045867, at *6 (Pa. July 19, 2017).  In ***Myers***, the Supreme Court stated that under Pennsylvania's statutory scheme:

[A] motorist placed under arrest for DUI has a critical decision to make.  The arrestee may submit to a chemical test and provide the police with evidence that may be used in a subsequent criminal prosecution, or the arrestee may invoke the statutory right to refuse testing, which: (i) results in a mandatory driver's license suspension under 75 Pa.C.S. § 1547(b)(1); (ii) renders the fact of refusal admissible as evidence in a subsequent DUI prosecution pursuant to 75 Pa.C.S. § 1547(e); and (iii) authorizes

> heightened criminal penalties under 75 Pa.C.S. § 3804(c) if the arrestee later is convicted of DUI.[4]

***Myers***, 2017 WL 3045867, at *6. Accordingly, although individuals have a statutory right to refuse to submit to a blood test, such refusal may be admitted as evidence at trial.

Based on this precedent, we conclude that the trial court erred when it informed the jury, during the cross-examination of Officer Lucas and at the end of the first day of trial, that Lipchik had no right to refuse a blood test and that his refusal was "wrongful."

We further conclude that the trial court's pre-deliberation jury instruction did not adequately correct this error. Those instructions did clarify that the refusal does not establish guilt; that while the Commonwealth is free to argue that refusal reflects consciousness of guilt, the refusal was only one factor to be considered; and it was for the jury to determine the weight that factor carried. The trial court further instructed that only the jury could determine whether Lipchik was guilty of DUI. Those instructions, however, also included the following: "I'm simply saying he had a duty to take the test in the circumstances he was in," and "I'm expressing when I talked about a duty to take the test." The jury therefore deliberated after being informed multiple times that Lipchik had no right to

---

[4] Following ***Birchfield v. North Dakota***, 136 S.Ct. 2160 (2016), a defendant who refuses to submit to a blood test is no longer subject to increased criminal penalties if later convicted of DUI. ***Commonwealth v. Giron***, 155 A.3d 635, 640 (Pa.Super. 2017).

refuse to submit to a blood test. Although a jury is permitted to draw an adverse inference from a defendant's refusal to submit to a blood draw, the instructions taken as a whole not only failed to acknowledge Lipchik's right to refuse but also improperly characterized his exercise of that right as "wrongful."

Our Court has noted that "[t]he judge occupies an exalted and dignified position; he is the one person to whom the jury, with rare exceptions, looks for guidance, and from whom the litigants expect absolute impartiality." *Commonwealth v. Claiborne*, 102 A.2d 900, 904 (Pa.Super. 1953); *see also Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa.Super. 2012) ("[W]e cannot underestimate the weight that a jury would afford the opinion of a trial judge who opines that the element of serious bodily injury was proven in a case."). Here, the trial court informed the jury not only that Lipchik had no right to refuse to submit to the blood test but that his refusal was "wrongful." Such instructions impaired the jury's ability to render a fair and impartial verdict; the instructions informed the jury that Lipchik did something wrong beyond the offenses for which he was charged and could have caused the jury to place greater weight on the refusal than warranted by the evidence presented at trial. *See Burwell*, 42 A.3d at 1083 (finding that trial court committed reversible error when it instructed the jury that "under the circumstances it appears that the injuries suffered . . . constitute serious bodily injury. But that is a decision for you").

Because we conclude that the trial court erred in denying the motion for a mistrial, we vacate the judgment of sentence and remand this matter for a new trial.

Lipchik also claims that the trial court erred in denying his suppression motion. Because this evidentiary issue likely will re-occur at a new trial, we address it now. Lipchik maintains that he was in custody when he was handcuffed and placed in the police car. He argues that, because the police officers did not read him his *Miranda* rights, the trial court should have suppressed his refusal to take field sobriety tests and refusal to consent to a blood test.

When reviewing the denial of a suppression motion, we must determine whether the record supports the trial court's factual findings and "whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Brown*, 64 A.3d 1101, 1104 (Pa.Super. 2013) (quoting *Commonwealth v. Cauley*, 10 A.3d 321, 325 (Pa.Super. 2010)). We may only consider evidence presented at the suppression hearing. *In re L.J.*, 79 A.3d 1073, 1085-87 (Pa. 2013). In addition, because the Commonwealth prevailed on this issue before the suppression court, we consider only the Commonwealth's evidence and so much of the defendant's evidence "as remains uncontradicted when read in the context of the record as a whole." *Brown*, 64 A.3d at 1104 (quoting *Cauley*, 10 A.3d at 325). We may reverse only if the legal conclusions drawn from the facts are in error. *Id.*

The trial court found that Lipchik was in custody at the time he was taken to Millcreek Community Hospital and that the police officers did not advise him of his **Miranda** rights. Order, 12/14/15. It further found that a custodial interrogation occurred when Officer Lucas asked Lipchik why he was refusing to participate in the field sobriety tests. **Id.** The trial court, therefore, granted the motion to suppress Lipchik's response. **Id.** The trial court, however, denied the motion to suppress in all other respects. **Id.**

Lipchik contends that his refusal to perform the field sobriety tests was inadmissible because he was subject to a custodial interrogation and not provided **Miranda** warnings. Our Supreme Court has held that the right against self-incrimination in the Fifth Amendment of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution does not apply to field sobriety tests, which are non-testimonial in nature. **Commonwealth v. Hayes**, 674 A.2d 677, 679, 683 (Pa. 1996). Because field sobriety tests are non-testimonial, the police officers did not need to provide **Miranda** warnings prior to requesting that Lipchik perform the tests. **Commonwealth v. Stewart**, 846 A.2d 738, 741-42 (Pa.Super. 2004); **see also Hayes**, 674 A.2d at 679, 683. Therefore, his statement of refusal to perform the tests was properly admitted.

Lipchik also contends that the fact of his refusal to submit to a blood test was inadmissible. This Court recently reaffirmed that a defendant's refusal to submit to a blood test is admissible at a trial for DUI. **Commonwealth v. Bell**, ___ A.3d ____, 2017 WL 3046937, at *5

(Pa.Super. July 19, 2017). Accordingly, we conclude the trial court did not err in denying Lipchik's motion to suppress his refusal to perform field sobriety tests and his refusal to submit to a blood test.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judge Ransom joins the memorandum.

Judge Platt files a concurring/dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2017